IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMANE SMITH, | No. C 11-01634 SI |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND VACATING CASE MANAGEMENT CONFERENCE** |
| v. | |
| VISA U.S.A., INC., | |
| Defendant. | |

Plaintiff Charmane Smith filed this complaint on April 1, 2011, along with a motion to appoint counsel and a motion for leave to proceed in forma pauperis ("IFP"). For the foregoing reasons, the Court DISMISSES plaintiff's complaint. Plaintiff may file an amended complaint, for breach of contract only, **by 5:00 p.m. on Friday, August 12, 2011**. The Court will rule on her motion to appoint counsel and her IFP motion thereafter. The Case Management Conference currently scheduled for July 15, 2011 is VACATED and will be rescheduled as necessary after the filing of an amended complaint.

**BACKGROUND**

Plaintiff sues Visa U.S.A., Inc. ("Visa") for (1) "strict liability . . . for harm caused by flaws in Visa products, services, equipment, + security that allow E.F.T., debit/credit card, + wire fraud theft"; (2) "breach of contract"; (3) "product liability" for "security flaws of Visa," which allegedly "allowed a group of computer hackers to commit theft from multiple debit and credit card accounts"; and (4) "tortious interference" because the "computer hackers caused the wrongful default of several bank, debit card, + credit card accounts of mine, caused damage to my credit rating, and caused direct money loss through theft"; (5) and "tortious interference" because the "computer hackers caused me to incur fees,

1  penalties, interest, + costs unnecessarily, falsely, + excessively." Plaintiff states that the Court has
2  federal question jurisdiction. Plaintiff also states that the Court has diversity jurisdiction as she resides
3  in Memphis, Tennessee; Visa is allegedly a resident of Santa Clara County, California; and she is
4  requesting $2,800,00,000.00 in monetary damages. She alleges no other facts in her complaint.

## LEGAL STANDARD

IFP applications are reviewed under a two-part analysis under 28 U.S.C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant. If it is "clear that no relief could be granted under any set of facts that could be proved consistent with the [plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Also similar to a motion to dismiss, all material allegations in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

**DISCUSSION**

**I.    Strict liability and products liability**

Plaintiff's first and third claims are tort claims, the first for "strict liability" and the third for "product liability." But plaintiff alleges only economic injury. California's "economic loss rule bars recovery in tort for economic damages caused by a defective product unless those losses are accompanied by some form of personal injury or damage to property other than the defective product itself." *KB Home v. Superior Court*, 112 Cal. App. 4th 1076, 1079 (2003). It does not permit recovery for "purely economic losses." *Id.* at 1084 (citing California Supreme Court cases). The same is true in Tennessee. *See Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128, 133 (Tenn. 1995) ("In Tennessee, the consumer does not have an action in tort for economic damages under strict liability."); *see also id.* ("[P]roduct liability claims resulting in pure economic loss can be better resolved on theories other than negligence."). Plaintiff has not alleged any physical injury to herself or her property, and nothing in her complaints hints of such injury. It does not appear that any amendment to her complaint could cure the defects with regard to these claims, and they are DISMISSED WITH PREJUDICE.

**II.   Breach of contract**

Plaintiff's second claim is for "breach of contract," apparently stemming from damages that she sustained from Visa's alleged security flaws. The essential elements of a breach of contract claim under California law are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968). "The essential elements of any breach of contract claim" under Tennessee law are similar, and "include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC Lifemed, Inc. v. AMC–Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Plaintiff does not allege sufficient facts in support of this claim, and it is DISMISSED.

However, the Court will grant leave to amend. In order to state a claim in her amended complaint, plaintiff will need to plead facts that, if true, would satisfy each element of a breach of contract claim. For example, plaintiff might tell the Court whether she had an enforceable contract with

Visa, whether Visa breached that contract and how, and how plaintiff was damaged by that breach. Merely stating that Visa breached a contract, or that plaintiff was damaged, is insufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").[1]

## III.   Tortious interference

Plaintiff's last two claims appear to allege that the unknown computer hackers tortiously interfered with plaintiff's contracts with Visa, and that Visa can be liable for this tortious interference with its own contract because of "flaws" in its system. Under California law, "the cause of action for intentional interference with contractual relations" requires, among other things, an allegation that the defendant interfered with "a valid contract between plaintiff *and a third party*." *See Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998) (emphasis added). The same is true with regard to Tennessee law. *See Dynamic Motel Management, Inc. v. Erwin*, 528 S.W.2d 819, 822 (Tenn. App. 1975) (taking elements from 45 Am. Jur. 2d, Interference §§ 3, 4, 5, 6, 7 & 11); *see also* 45 Am. Jur. 2d, Interference § 4 ("An essential element of a cause of action to recover damages for tortious interference with contractual relations is the existence of a valid contract between the plaintiff *and a third party*." (emphasis added)). Plaintiff cannot bring tortious interference claims against Visa, and

---

[1] The Court also notes that it is not clear whether or not it has subject matter jurisdiction over this claim. Although plaintiff states in her complaint that the Court has federal question jurisdiction, plaintiff has alleged only state law claims and no federal question is presented on the face of plaintiff's complaint. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). Additionally, although the parties are diverse, it is not clear that the case satisfies the $75,000 amount in controversy requirement for diversity jurisdiction under 28 U.S.C. Section 1332.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). However the sum claimed by the plaintiff does not control if it is made in bad faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Here, plaintiff requests $2.8 billion in monetary damages. This claim is clearly not made in good faith. *See Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530–31 (9th Cir. 1980). Because plaintiff's allegations of wrongdoing against Visa are so unclear, the Court cannot say at this time whether or not plaintiff's claim could sustain a judgment of over $75,000. Although the Court does not find that there is "a legal certainty that the claim is really for less than the jurisdictional amount," *see St. Paul Mercury*, 303 U.S. at 289, and therefore does not dismiss the case for lack of jurisdiction at this time, the Court does have serious reservations about whether the case satisfies the amount in controversy requirement for diversity jurisdiction.

4

it does not appear that any amendment to her complaint could cure the defects with regard to these claims. These claims are DISMISSED WITH PREJUDICE.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court DISMISSES plaintiff's complaint. All four of plaintiff's tort claims are dismissed WITH PREJUDICE. Plaintiff's breach of contract claim is dismissed WITHOUT PREJUDICE. Plaintiff may file an amended complaint for breach of contract **by 5:00 p.m. on Friday, August 12, 2011**. The Court will rule on her motion to appoint counsel and her IFP motion thereafter.

The Case Management Conference currently scheduled for July 15, 2011 is VACATED, and will be rescheduled as necessary after receipt of an amended complaint.

**IT IS SO ORDERED.**

Dated: July 12, 2011

SUSAN ILLSTON
United States District Judge